IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY RAY PARSONS,**

    **Plaintiff,**

v.                                                         **CASE NO. 2:13-cv-03157**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Both parties have consented to a decision by the United States Magistrate Judge.

Claimant, Timothy Ray Parsons, protectively filed an application for disability insurance benefits on April 5, 2001, alleging disability as of April 9, 2000, due to lower back pain, right leg and foot pain and the inability to sit or stand for a prolonged period of time (Tr. at 606).  The claim was denied initially and upon reconsideration. Claimant requested a hearing before an Administrative Law Judge (hereinafter ALJ).  The hearing was held on April 26, 2002, in Huntington, West Virginia (Tr. at 275). By decision dated May 28, 2002, the ALJ determined that Claimant was not entitled to benefits (Tr. at 272-285). A request for review of the hearing decision was filed on July 19, 2002 (Tr. at 290).  Approximately 3 ½ years later, on February 3, 2006, the Appeals Council remanded the case (Tr. at 286-289).  A second hearing was conducted in Huntington, West Virginia on June 22, 2006.  On October 23, 2006, the ALJ

determined that Claimant was not entitled to benefits. Claimant requested a review of the hearing decision which the Appeals Council denied.[1] On August 26, 2008, Claimant filed a complaint instituting Civil Action No. 3:08-cv-01019. The presiding United States Magistrate Judge remanded the case by judgment and memorandum order entered on January 7, 2010 (Tr. At 605-609). A third hearing was held in Huntington, West Virginia on April 4, 2012. In a decision dated June 27, 2012, the ALJ determined that Claimant was not entitled to benefits (Tr. At 585-597). Claimant requested a review of the hearing decision, which the Appeals Council denied on December 21, 2012 (Tr. At 574-577). Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2013). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 416.920(c). If a severe

---

[1] No record of the second hearing's decision or transcript was introduced or admitted onto the record.

impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2013). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity during the period from his alleged onset date of April 9, 2000, through the date he was last insured, December 31, 2005 (Tr. at 590). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease of the lumbar spine, generalized osteoarthritis and a depressive disorder not otherwise specified. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. The ALJ then found that Claimant has

a residual functional capacity for sedentary work, reduced by nonexertional limitations (Tr. at 596). Claimant is unable to perform any past relevant work (Tr. At 595). The ALJ concluded that Claimant could perform jobs such as surveillance system monitor, grader/sorter and inspector, which exist in significant numbers in the national economy (Tr. at 596). On this basis, benefits were denied (Tr. At 597).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on December 1, 1965, and was forty years old on the date he was last insured (Tr. at 596). Claimant graduated from high school and has training in welding (Tr. at 312). Claimant has past relevant work experience as a welder and mechanic. Claimant filed an application on April 5, 2001. The application asserts a disability onset date of April 9, 2000. Claimant asserts he injured his back on July 22, 1999, "while pulling a cable" at work (Tr. at 109).

The Medical Record

The Court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ's decision is not supported by substantial evidence because (1) the weight of the evidence of record substantiates Claimant's allegations of disability; (2) the ALJ failed to properly evaluate Claimant's credibility; (3) the ALJ failed to give proper weight to Claimant's treating source opinions; (4) the ALJ failed to give proper consideration to Claimant's mental impairments and the parameters of SSR96-9p (ECF No. 9).

The Commissioner argues that (1) substantial evidence supports the ALJ's evaluation of the evidence in the record as a whole; (2) the ALJ reasonably found Claimant's testimony not credible; (3) substantial evidence supports the weight the ALJ applied to the opinion of Claimant's treating neurosurgeon, Panos Ignatiadis, M.D.; and (4) the ALJ fully accommodated Claimant's mental impairments (ECF No. 10).

The ALJ must accompany his decision with sufficient explanation to allow a

reviewing court to determine whether his decision is supported by substantial evidence. "[T]he [ALJ] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [his] decision a statement of the reasons for that decision." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge . . . ." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

Treating Physician Analysis

In evaluating the opinions of treating sources, the ALJ generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. § 404.1527(d)(2) (2013). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence*.*" *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. § 404.1527(d)(2) (2012). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2) (2012). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact and resolve conflicts of evidence*. Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the ALJ's conclusions are rational. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded

controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. § 404.1527.  These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization and (6) various other factors.  Additionally, the regulations state that the ALJ "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  *Id.* § 404.1527(d)(2).

The court cannot conclude from the ALJ's decision that substantiated evidence supports the determination that Claimant is not disabled.  Regarding his low back pain, as Claimant points out in his brief, the ALJ did not list the factors or the consideration given to each factor in determining the weight given to the treating source's opinion as addressed under 20 C.F.R.§ 404.1527(d)(2).  Dr. Ignatiadis has been Claimant's treating neurosurgeon since 1999 (Tr. at 238). Dr. Ignatiadis referred Claimant to St. Mary's Medical Center for Pain Relief.  At the Center for Pain Relief, Claimant received treatment from David Caraway, M.D., and Felix Muniz, M.D.. In attempts to reduce his back pain, Claimant underwent a discectomy of L5-S1 [2], received caudal and transforaminal epidural steroid injections and underwent implementation of a spinal cord stimulator.[3]  The treating physicians at the Center for Pain Relief recommended a Morphine pump implant but Claimant decided against it at the time because of his concern of creating a tolerance to Morphine.

The ALJ referenced Dr. Ignatiadis' opinion that Claimant could not perform any

---

[2] Following surgery, there was no reduction in symptomatology and evidenced epidural scarring(Tr. at 388).
[3] The stimulator failed to provide any reduction in pain and was removed after one week (Tr. at 388).

work and determined that he would not grant the opinion "controlling weight" (Tr. at 595). However, the ALJ did not state what weight was given to Dr. Ignatiadis' opinion. Social Security Ruling 96-2 provides that:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 414.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.

Additionally, the ALJ did not indicate the weight given to treating physicians Dr. Muniz and Dr. Caraway when discussing Claimant's low back pain. In contrast, the ALJ specifically granted "great weight" to the consulting Medical Experts' opinions. (*Id.*)

The ALJ failed to address and analyze the factors listed in 20 C.F.R. § 404.1527(d)(2) in determining the weight given to Claimant's treating physicians for low back pain. The Court cannot conclude the decision is supported by substantial evidence without, at a minimum, weighing the Claimant's treating physicians' opinions for his low back pain. The ALJ failed to demonstrate the consideration and analysis of the treating physicians' length of treatment, nature and extent of treatment, frequency of examination and specialization.

The ALJ failed to consider and analyze all the factors listed in Social Security Regulations in determining the proper weight to give treating source opinions. Although the ALJ gave great weight to the opinions of consulting Medical Experts, the ALJ failed to provide a thorough treating source analysis.

Case 2:13-cv-03157   Document 13   Filed 03/31/14   Page 9 of 9 PageID #: 1058

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, this matter is REVERSED and REMANDED for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: March 31, 2014.

Dwane L. Tinsley
United States Magistrate Judge